# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; HILLCREST PROJECTS, LLC, a foreign limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY, a foreign entity; QUAIL VALLEY WATER DISTRICT, a foreign entity; 11239, LLC, a foreign entity; R.A.M.M. CORP., a Nevada Corporation,<br><br>Defendants. | 2:22-cv-00406-RFB-VCF<br><br>**<u>ORDER</u>** |

Before the Court is Defendant Chicago Title Insurance Company's Motion to Stay Discovery (ECF NO. 29).

Defendant Chicago Title Insurance Company ("CTIC") requests to stay discovery pending decision on its motion to dismiss. No opposition has been filed and the time to file an opposition has passed.

**I. Relevant Background**

This case commenced on March 14, 2022. This matter pertains to the insurance policy issued by Defendant CTIC related to escrow FWKN-TO14000231, and that on or about October 15, 2014, Plaintiff purchased various properties pursuant to the terms and conditions of a settlement agreement dated August 27, 2014 (the "Settlement Agreement"). (ECF NO. 1).

On June 10, 2022, Defendant CTIC filed its motion to dismiss (ECF NO. 12). Defendant CTIC claims that the issues in this case have already been adjudicated in Case No. 2:19-cv-02065 RFB-EJY, naming Chicago Title of Nevada, Inc. ("Chicago Title"—an escrow and title company) as the defendant ("Prior Case"). (ECF NO. 29). CTIC states that it prevailed on summary judgment in the prior case and its motion for attorney fees is pending in case number 2:19-cv-02065 RFB-EJY. CTIC alleges that the complaints in both cases are nearly identical. The only differences between the two complaints, other than formatting, is that Plaintiff has now named CTIC instead of Chicago Title and added other non-related defendants. There is also an added a second cause of action for quiet title/declaratory relief, but Plaintiffs have stipulated that the cause of action is not directed at CTIC. *See* ECF Nos. 7 and 8. Defendant states that Plaintiffs' claims against CTIC are barred by res judicata and by the applicable statute of limitations.

Plaintiff has not filed an opposition to Defendant's motion to stay discovery. Plaintiff did file a response to Defendant's motion to dismiss, stating that res judicata does not preclude this action and that while there are similar issues from the prior action, the prior action involved a different entity's breach of a different agreement – the Escrow Instructions. In the instant action, the issues revolve around the breach of a title insurance policy by the insurer, and that the statue of limitations has been tolled. (ECF NO. 20).

**II. LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost,

the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion

to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

Under LR7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**III. Discussion**

No opposition has been filed and the time to file an opposition has passed. It would seem as though Plaintiff has consented to the granting of the instant motion.

Defendant's motion to stay is granted on the merits. Here, no factual issues are raised by the motion to dismiss, and discovery is not required to address the issues raised by the motion to dismiss. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss may have merit and Defendant has demonstrated good cause to stay discovery.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant Motion to Stay Discovery (ECF NO. 29) is GRANTED. In the event resolution of Defendants' motion to dismiss (ECF No. 12) does not result in the disposition of this case, the parties must file a new joint discovery plan within 21 days of the issuance of the order resolving that motion.

DATED this 13th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE