Daniel N. Raytis, California SBN 218374
dan@bbr.law
BELDEN BLAINE RAYTIS, LLP
5016 California Avenue, Suite 3
Bakersfield, California 93309
Telephone: (661) 864-7827
Facsimile: (661) 878-9797
(Admitted *pro hac vice*)

Attorneys for Defendant
Quail Valley Water District

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; HILLCREST PROJECTS, LLC., a foreign limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY, a foreign entity; QUAIL VALLEY WATER DISTRICT, a foreign entity; 11239, LLC, a foreign entity; R.A.M.M. CORP., a Nevada Corporation;<br><br>Defendants. | Case No. 2:22-cv-00406-RFB-VCF<br><br>**STIPULATED DISCLAIMER OF INTEREST; [PROPOSED] STIPULATED ORDER AND JUDGMENT** |

**COMES NOW** Defendant Quail Valley Water District ("District") and Plaintiffs Hillcrest Investments, Ltd. and Hillcrest Projects, LLC's (collectively "Plaintiffs"), by and through their respective counsel of record, and file and submit this Stipulated Disclaimer of Interest and [Proposed] Order and Judgment for purposes of fully and finally resolving the entirety of this action and all disputes set forth therein between District and Plaintiffs, only. Accordingly, the Parties stipulate and agree as follows:

**RECITALS AND STIPULATED MATTERS**

1.      On or about March 14, 2022, Plaintiffs commenced the above-entitled action, in part, against the District alleging a dispute concerning ownership or a competing interest to that certain

parcel or real property identified under Plaintiffs' Complaint as Parcel 18, but confirmed by the Parties hereto to be Lot 2 of Parcel Map 7600 – APN 224-370-10, located in Tehachapi, California in the County of Kern ("Subject Parcel").  (A true and correct copy of Plaintiff's Complaint filed and served on or about March 14, 2022 is attached as Exhibit A.)

2.      Plaintiffs contend that, despite being the rightful owner of the Subject Parcel, they never legally or actually received their ownership interest to the Subject Parcel due to the property having been acquired by the District pursuant to a Collector's Deed causing a cloud on title.

3.      Despite Plaintiff's claims against the District, the District has met and conferred with Plaintiffs' counsel of record and has informed Plaintiffs' counsel (1) that the District does not currently hold any ownership or property related interest to the Subject Parcel; (2) that no cognizable claim or cause of action exists against the District as set forth under Plaintiffs' Complaint; and (3) that any ownership or title interest to the Subject Parcel has been fully transferred by the District and that the District readily disclaims any interest, whether in whole or in part, to the Subject Parcel.

4.      To preserve and pursue all rights and defenses against Plaintiffs' Complaint, District filed and served a Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, For a More Definite Statement ("Motion to Dismiss") on or about December 7, 2022.

5.      On or about, January 6, 2023, the Parties reached an agreement in principle to resolve this dispute fully and finally as between Plaintiffs and District, only.

6.      In conjunction herewith, the Parties expressly stipulate and agree as follows:

a.   On or about November 3, 2014, the District, acting as collector and purchaser of the Subject Parcel in consideration and satisfaction of a delinquent assessment, legally and validly recorded a Collector's Deed with respect to the Subject Parcel because of no person having redeemed the property from a sale that commenced on or about October 31, 2011, by way of and as noted in a Certificate of Sale recorded as Document No. 211143422 in Kern County, California.  (A true and correct copy of the Collector's Deed is attached as Exhibit B.)

b.  On or about December 5, 2014, for valuable consideration, the District remised, released, and forever quitclaimed to J.R. Smeed and Claire Smeed, Trustees of the Smeed Family Trust of 1984, dated September 25, 1984, as restated on October 22, 2013 ("Smeed Family Trust"), and any amendments thereto, the Subject Parcel.  (A true and correct copy of the December 5, 2014 Quitclaim Deed from the District to the Smeed Family Trust is attached as Exhibit C.)

c.  On or about May 11, 2015, for valuable consideration, Hillcrest Projects, LLC, Series I, a Nevada limited liability company remised, released, and forever quitclaimed to the Smeed Family Trust, and any amendments thereto, the Subject Parcel.  (A true and correct copy of the May 11, 2015 Quitclaim Deed from Hillcrest Projects, LLC, Series I, a Nevada limited liability company is attached as Exhibit D.)

7.    The District disclaims that it has any current interest, ownership interest, right, or title, whether in full, in part, or of any kind, to or in the Subject Parcel.

8.    It is stipulated and agreed that the District does not own and does not have any current claim of title, ownership, possession, right, or equity in or to the Subject Parcel.

9.    It is stipulated and agreed that by way of the [Proposed] Stipulated Order and Judgment requested to be entered by the Court, that District shall be released from all claims, causes of action, and allegations at issue in this action and dismissed with prejudice.

10.    It is stipulated and agreed that Plaintiffs and the District will bear their own costs and expenses, including attorneys' fees, accrued or incurred with respect to this litigation and be solely responsible with respect thereto.

11.    Nothing herein shall constitute or be construed as an admission or concession of liability or fault with respect to any allegations, claims, and/or causes of action at issue by District.

**ACCORDINGLY, IT IS FURTHER STIPULATED AND AGREED** that the Court approve and execute the [Proposed] Stipulated Order and Judgment submitted herewith.

**[SIGNATURES ON FOLLOWING PAGE]**

# Exhibit A

MITCHELL S. BISSON, ESQ.
Nevada Bar No. 11920
LAW OFFICES OF MITCHELL S. BISSON
911 N. Buffalo Dr., Ste. 201
Las Vegas, NV 89128
T: (702) 402-6990
Email: MBisson@BissonLegal.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., a foreign corporation; HILLCREST PROJECTS, LLC, a foreign limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> CHICAGO TITLE INSURANCE COMPANY, a foreign entity; QUAIL VALLEY WATER DISTRICT, a foreign entity; 11239, LLC, a foreign entity; R.A.M.M. CORP., a Nevada Corporation; <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** |

## COMPLAINT

COMES NOW Plaintiff, Hillcrest Investments, Ltd. and Hillcrest Projects, LLC (hereinafter "Plaintiffs") by and through its counsel of record, the Law Offices of Mitchell S. Bisson, Esq., and hereby files its First Amended Complaint as follows:

## JURISDICTION

1.      Jurisdiction is proper pursuant to 28 U.S. Code § 1332, and U.S. Const. art. III, §2.

## VENUE

2.      Venue is proper pursuant to 28 U.S. Code § 1391(b)(2)

## PARTIES

3.     Plaintiff Hillcrest Investments Ltd. is a foreign corporation doing minimal business in Clark County, Nevada.

4.     Plaintiff Hillcrest Projects, LLC is a foreign limited liability series doing minimal business in Clark County, Nevada (Plaintiff Hillcrest Investments Ltd. and Plaintiff Hillcrest Projects, LLC are hereinafter referred to collectively as "Plaintiff" or "Hillcrest").

5.     Defendant Chicago Title Insurance Company ("CTIC") is a foreign entity doing business in Clark County, Nevada.

6.     Upon information and belief, Defendant Quail Valley Water District is a foreign entity and has been named in this action as a necessary and indispensable party related to its claimed interest in the subject property.

7.     Upon information and belief, Defendant 11239 LLC is a foreign entity doing business in Clark County, Nevada and has been named in this action as a necessary and indispensable party related to its claimed interest in the subject property.

8.     Upon information and belief, Defendant R.A.M.M. Corp. is a Nevada corporation doing business in Clark County, Nevada and has been named in this action as a necessary and indispensable party related to its claimed interest in the subject property.

## **GENERAL ALLEGATIONS**

9.     This matter pertains to the insurance policy issued by Defendant CTIC related to escrow FWKN-TO14000231.

10.     On or about October 15, 2014, Plaintiff purchased various properties pursuant to the terms and conditions of a settlement agreement dated August 27, 2014 (the "Settlement Agreement").

11.     Plaintiff entered into the Settlement Agreement with Ghassan Merhi, Galtar, LLC,

Searchlight Highway, LLC, 2027 North Decatur, LLC, Aztec Motors, LLC, Tehachapi

Investment, LLC ("Tehachapi"), and GMB, LLC.

12.     In connection with this transaction, the Plaintiff acquired multiple Policies of Title

insurance from Defendant CTIC with an effective date of December 5, 2014 (collectively referred

to as the "Policy").

13.     After this transaction, the insured Plaintiff discovered that it did not acquire title to

Parcel 18 of the Property as described in Schedule A of the Policy, even though Tehachapi had

purportedly conveyed this parcel to the Plaintiff.

14.     Tehachapi was unable to convey Parcel 18 to the Plaintiff because Quail Valley

had already acquired title to Parcel 18 pursuant to a Collector's Deed.

15.     A claim was made under the policy regarding parcel 18, and Defendant paid out

approximately $118,000 on the claim; however, the amount of the payment did not cover all of

the costs and legal expenses incurred, nor the costs associated with getting a full release from

Quail Valley Water District.

16.     Multiple policies were issued because the property insured was located in more

than one state.

### *Amargosa Water Rights*

17.     The Escrow Instructions required Chicago Title Company to ensure that water

rights bearing certificate numbers 48479, 48480, 48481, 48482, 48483 and 66397 were

transferred to the Plaintiff.

18.     The Escrow Instructions required Galtar, LLC to deposit with escrow a "Quitclaim

Deed for Amargosa Water Rights Amargosa Valley ... ".

19.     The Escrow Instructions provided that upon the fulfillment of conditions further

described there, the escrow was to record the Quitclaim Deed for Amargosa Water Rights Amargosa Valley.

20.     In addition, Chicago Title Company was supposed to secure and file appropriate documentation with the Nevada State Water Engineer to clarify that Plaintiff was the rightful owner of those rights, which they failed to do.

### Property Tax Proration

21.     The Escrow Instructions set the closing date for the transaction on October 15, 2014, and provided that Galtar, LLC was supposed to pay all of the real property taxes owed on the Property it was conveying up to this date.

22.     Section 6 of the Escrow Instructions provides that "Cost shall be allocated, and prorations made as provided in the Settlement Agreement."

23.     Pursuant to Paragraph 6 of the Settlement Agreement, with the exception of Dunn Mill Fee Parcels and Dunn Mill Lease Parcels, taxes were to be prorated between Galtar and the Plaintiff as of the closing date.

24.     The closing did not occur until December 5, 2014; however, Chicago Title prorated taxes as of October 15, 2014.

25.     As a result, Plaintiff paid taxes it should not have had to pay.

### Tehachapi Lots Missing

26.     Galtar was supposed to convey to the Plaintiff the land associated with the following Assessor's Parcel Numbers ("APNs"): 458-100-06, 458-080-02, 459-240-13, and 458-120-01.

27.     The Escrow Instructions and insurance policies required Defendant CTIC to ensure this happened; yet, Plaintiff never received transfer of such properties.

*Recordation of Satisfaction of Judgment*

28.     As part of the policy and accompanying Escrow Instructions, Chicago Title was supposed to record a satisfaction of judgment as to Ford v. Gaiter et al., Case No. 08-A-569151 in Clark County, Nevada.

29.     As of the date of this filing, no such Satisfaction of Judgment has been recorded.

*Title Defects Relating to Lawsuits*

30.     As part of the Policy and Escrow Instruction, Defendant CTIC was required to ensure all defects related to previous lawsuits were resolved.

31.     However, as of the date of this filing, such defects still exist and appear on subsequent title reports.

*Additional Issues*

32.     After the closing of escrow, Plaintiff became aware of facts that appeared to show a third party – Henry Mulryan – held an ownership interest in APN 0542-141-19-0 and 0542-141-19-1 based upon a 1949 patent from the United States.

33.     As a result of Defendant CTIC's failures, and in breach of the Policy, Plaintiff was required to expend approximately $213,000.00 to resolve the issue and obtain such third party's ownership interest.

34.     To date, Quail Valley Water District, 11239 LLC, and R.A.M.M. Corp each claim a property interest in the above-referenced real property and water rights that are adverse to Plaintiffs' interest.

/.../.../

/.../.../

/.../.../

## FIRST CAUSE OF ACTION

### (Breach of Contract)

35.   Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36.   Plaintiff and Defendants entered into a valid and enforceable agreement related to title insurance, the title policy, and the escrow instructions referenced above.

37.   Plaintiff satisfied all its obligations required under the agreement.

38.   By failing to ensure all title defects were resolved as agreed, and by failing to follow all of the escrow instructions and provide coverage as agreed, Defendant CTIC has breached the agreement.

39.   As a direct and proximate result of such breaches, Plaintiff has been damaged in an amount in excess of $75,000.00.

40.   The Plaintiff has been required to retain the services of the Law Offices of Mitchell S. Bisson, Esq. to prosecute this action, and the Plaintiff is therefore entitled to recover his reasonable attorney's fees and costs of Court for having to bring this action.

## SECOND CAUSE OF ACTION

### (Quiet Title / Declaratory Relief)

41.   Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.   Plaintiff possesses title to the subject properties, as explained above.

43.   Plaintiff's title to the property is superior to Defendants, who also claim an interest in said property. As such, the parties interests are adverse to each other.

44.     This issue is ripe for determination by this Court via a declaration declaring the rights of each party.

45.     Plaintiff seeks a declaratory judgment declaring that it owns the properties free and clear of any and all interests claimed by Defendants.

46.     The Plaintiff has been required to retain the services of the Law Offices of Mitchell S. Bisson, Esq. to prosecute this action, and the Plaintiff is therefore entitled to recover his reasonable attorney's fees and costs of Court for having to bring this action.

WHEREFORE, Plaintiff prays for the following:

1.   Compensatory damages in an amount to be determined at trial;

2.   Permanent Injunction to remove Mr. Mulryan from parcel 0542-141-19-0;

3.   Declaratory Relief related to the claimed interests in the property;

4.   Attorney's Fees and Costs incurred herein; and

5.   For such other relief as the Court deems just and proper.

 DATED this 2nd day of March, 2022.

LAW OFFICES OF
MITCHELL S. BISSON

/s/ Mitchell S. Bisson
MITCHELL S. BISSON, ESQ.
Nevada Bar No. 11920
911 N. Buffalo Dr., Ste. 201
Las Vegas, NV 89128
T: (702) 402-6990
Email: MBisson@BissonLegal.com
Attorney for Plaintiffs

Exhibit B

RECORDING REQUESTED BY:

Quail Valley Water District

WHEN RECORDED MAIL TO:

Name       Andrew Sheffield

Street
Address      5001 E. Commercenter Dr.
             Suite 300

City &
State        Bakersfield, CA 93309

**James W. Fitch, Assessor — Recorder**    BEARDSLE
Kern County Official Records            11/03/2014
Recorded at the request of            10:20 AM
Public

DOC#: **0214136458**

| | |
|---|---|
| Stat Types: 1 | Pages: **2** |
| Fees | 0.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $0.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## COLLECTOR'S DEED

On the 3rd day of November 2014, the collector of the Quail Valley Water District, a State Agency, sold to the Quail Valley Water District, for a delinquent assessment, real property situated within the district, and in the County of Kern, State of California, described as follows:

**Lot 2 of Parcel map 7600 - APN 224-370-10**

No person has redeemed the property from the sale commenced on October 31, 2011 by way of Certificate of Sale recorded as document No. 211143422 in Kern County, California.   The time for redemption having elapsed and the purchaser has demanded a deed to the property.

Wherefore, I, the collector of the Quail Valley Water District grant to the Quail Valley Water District all of the real property aforesaid.

Witness my hand and under the authority vested in me by the district this 3rd day of November 2014.

Andrew Sheffield
Collector of the Quail Valley Water District

Page 1 of 2

STATE OF CALIFORNIA     )

                          ) ss.

COUNTY OF KERN        )

On November 3, 2014, before me, _Kimberly Booth_____, Notary Public, personally appeared ANDREW SHEFFIELD_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

     I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature: _Kimberly Booth_____

KIMBERLY BOOTH
Commission # 2041632
Notary Public - California
Kern County
My Comm. Expires Sep 17, 2017

Page 2 of 2

Exhibit C

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

J.R. Smeed
Oak Park Tower
3200 21st Street, Suite 401
Bakersfield, CA 93301

**James W. Fitch, Assessor — Recorder**
Kern County Official Records
Recorded at the request of
**Public**

TAVERAE
12/05/2014
12:34 PM

| DOC #: | 0214150919 | Stat Types: 1 | Pages: | 1 |

| | |
|---|---|
| Fees | 23.00 |
| Taxes | 15.95 |
| Others | 3.00 |
| PAID | $41.95 |

MAIL TAX STATEMENTS TO:

J.R. Smeed, Trustee
Oak Park Tower
3200 21st Street, Suite 401
Bakersfield, CA 93301

SPACE ABOVE THIS LINE FOR RECORDER'S USE
DOCUMENTARY TRANSFER TAX $ -15.95-.

_____
Signature of Declarant or Agent determining tax -- Firm Name

APN : 224-370-10

# QUITCLAIM DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Quail Valley Water District, a
state agency does hereby REMISE, RELEASE AND FOREVER QUITCLAIM to

J.R. Smeed and Claire Smeed, Trustees of The Smeed Family Trust of 1984, dated September 25, 1984, as
restated on October 22, 2013, and any amendments thereto, the real property situated in the County of Kern,
State of California, described as follows:

### Lot 2 of Parcel map 7600 – APN 224-370-10

Dated: November 8, 2014

STATE OF CALIFORNIA,     )
COUNTY OF KERN           )

On November 8, 2014 before me, *Maria Jadric*
_____, Notary  Public      , personally
appeared ___Randy Hardenbrook, who proved to me on the
basis of satisfactory evidence to be the person whose names
is subscribed to the within instrument and acknowledged to
me that he executed the same in his authorized capacity, and
that by his signature on the instrument the persons, or the
entity upon behalf of which the person acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.
WITNESS my hand and official seal.

Signature   *Maria Jadric*

Quail Valley Water District

_____
By Randy Hardenbrook,
Board President

MARIA JADRIC
Commission # 2018467
Notary Public - California
Kern County
My Comm. Expires Apr 8, 2017

Exhibit D

Jon Lifquist, Assessor-Recorder
Kern County Official Records

DR
7/09/2015
10:30 AM

Recorded Electronically by:
620 Chicago Title Bakersfield

DOC#: 000215090019

| Stat Types: 1 | Pages: 3 |
| --- | --- |
| FEES | 39.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 39.00 |

C00215090019

APN: 224-370-10
Affix R.P.T.T. $ _Ø_

WHEN RECORDED MAIL TO and MAIL TAX
STATEMENT TO:

J.R. SMEED & CLAIRE SMEED
OAK PARK TOWER
3200 21ST STREET, STE 401
BAKERSFIELD, CA 93301

*FWKIV-TO4000231*

ESCROW NO: 14017698-086-JR

*Computed on Full Value*
*Exempt RET Code 11921 etseq*
*Property in restees name*

*unincorporated area of Kern County*

# QUIT CLAIM DEED

By this instrument dated May 11, 2015 for a valuable consideration,

Hillcrest Projects, LLC, Series I, a Nevada limited liability company

do(es) hereby REMISE, RELEASE, and FOREVER QUITCLAIM to

J.R. Smeed and Claire Smeed, Trustees of The Smeed Family Trust of 1984 dated September 25, 1984 as restated on October 22, 2013 and any amendments thereto

the following described real property in the State of California, County of Kern:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

•

Page 1 of 3

ESCROW NO:  14017698-086-JR

STATE OF _NEVADA_____ )
                                          ) ss.
COUNTY OF _CLARK_____ )

On _MAY  14, 2015_____
personally appeared before me, a Notary Public,
_CLARENCE  K.  WAGENAAR_____

personally known or proven to me to be the
person(s) whose name(s) is/are subscribed to the
above instrument who acknowledged that
he/she/they executed this instrument for the
purposes therein contained.

_____
Notary Public

My commission expires: _6/18/2018_

Hillcrest Projects, LLC, Series I, a Nevada
limited liability company
By: Hillcrest Investment Projects (USA),
Inc. , a Nevada corporation

_____
Clarence K. Wageney, President
          Wagenaar

ADAM BRITT
Notary Public, State of Nevada
Appointment No. 14-14328-1
My Appt. Expires June 18, 2018

Page 2 of 3

ESCROW NO: 14017698-086-JR

## EXHIBIT A

Parcel 2 of Parcel Map No. 7600, in the unincorporated area of the County of Kern, State of California, as per map recorded August 08, 1985, in Book 32 of Parcel Maps at Page 74, Kern County Records.

APN 224-370-10

1

**Dated:** January 13, 2023        **BELDEN BLAINE RAYTIS, LLP**

2

3        */s/ Dan N. Raytis*

       Dan N. Raytis, Esq., Attorney for Defendant

4        Quail Valley Water District

5

**Dated:** January 13, 2023        **THE LAW OFFICES OF MITCHELL S.**

6        **BISSON**

7

8        */s/ Mitchell S. Bisson*

       Mitchell S. Bisson, Esq., Attorney for

9        Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATED ORDER AND JUDGMENT**

Having considered the foregoing Stipulation and reviewed all matters set forth hereunder, as well as good cause appearing, **THE COURT HEREBY DETERMINES, ORDERS, DECREES, AND ADJUDGES** as follows:

1.      The above recitals and stipulated matters are incorporated hereunder by this reference and are adopted by this Court as its findings in support this Stipulated Order and Judgment.

2.      Defendant QUAIL VALLEY WATER DISTRICT ("District") does not have and does not claim any interest, ownership interest, or title, whether in full or in part, to or in the subject parcel or real property, commonly identified as Lot 2 of Parcel Map 7600 – APN 224-370-10, located in Tehachapi, California in the County of Kern ("Subject Parcel"), alleged and disputed as at issue by Plaintiffs HILLCREST INVESTMENTS, LTD. and HILLCREST PROJECTS, LLC. ("Plaintiffs") against District.

3.      Plaintiffs do not have or hold any other disputes, matters, and claims at issue under this action as against District, and this Stipulated Order and Judgment resolves the entirety of this action, including all disputes, matters, and claims asserted at issue, by Plaintiffs against the District.

4.      This Stipulated Order and Judgment is entered in favor of the Plaintiffs with respect to the District, only.  The Parties shall bear their own costs and expenses, including attorneys' fees, accrued or incurred with respect to this litigation and shall be solely responsible with respect thereto.

5.      Nothing herein shall constitute or be construed as an admission or concession of liability or fault with respect to any allegations, claims, and/or causes of action at issue by District.

6.      The District is immediately dismissed, discharged, and released from this action with prejudice.

**IT IS SO ORDERED AND ADJUDGED.**

Dated this 26th day of ___September___, 2023



_____

**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**

Case No. 22:cv-00406

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF KERN

     I am employed in the County of Kern, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 5016 California Ave., Suite 3, Bakersfield, CA 93309.  My email address is heather@bbr.law.

On **January 13, 2023**, I served the following document(s) described as

### PLAINTIFFS AND DEFENDANT QUAIL VALLEY WATER DISTRICT'S STIPULATED DISCLAIMER OF INTEREST AND [PROPOSED] ORDER AND JUDGMENT

on the interested parties in this action via electronic service through the Court's Electronic File/Service Program.

| | |
|---|---|
| Mitchell S. Bisson, Esq.<br>Law Office of Mitchell S. Bisson<br>911 N. Buffalo Drive, Suite 201<br>Las Vegas, NV 89128<br>mbisson@bissonlegal.com | Attorney for Plaintiffs Hillcrest Investments, LTD |
| Natalie C. Lehman, Esq.<br>Fidelity National Law Group<br>8363 W. Sunset Road, Ste. 120<br>Las Vegas, NV 89113<br>Natalie.lehman@fnf.com | Attorneys for Defendant Chicago Title Insurance Company |

     Executed on **January 13, 2023**, at Bakersfield, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Heather McCoy